UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Dwight Decker, ) | Case No.: 2:14-cv-4363-DCN-WWD |
| Plaintiff, ) | **COMPLAINT** |
| v. ) | **(Jury Trial Demanded)** |
| South Carolina Department of Juvenile ) Justice, Nicole Ashe, and Rhonda Green, ) | |
| Defendants. ) | |

Plaintiff Dwight Decker, by and through his attorneys, Janet T. Butcher, Jenny A. Horne, and Alan W. Guffy, submits the following complaint against Defendant South Carolina Department of Juvenile Justice (SCDJJ), Nicole Ashe, and Rhonda Green.

## NATURE OF THE ACTION

This is an action for damages and redress for certain actions taken by SCDJJ and the individual defendants which resulted in the illegal and discriminatory termination of Dwight Decker, the plaintiff in this matter. Decker's claims against SCDJJ, a state agency, are brought pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq*. (Title VII), 42 U.S.C. § 1981 of the Civil Rights Act of 1866, the South Carolina Whsitleblower Act, S.C. Code § 8-27-10 *et. seq.*, and the South Carolina Tort Claims Act. Decker's claims against the individual defendants are brought pursuant to 42 U.S.C. § 1981 of the Civil Rights Act of 1866, and the common law of South Carolina.

## PARTIES AND JURISDICTION

1. Plaintiff Dwight Decker is an individual who, at all times pertinent to this complaint, resided in South Carolina in the County of Dorchester.

2. Defendant SCDJJ is an agency of the state of South Carolina. SCDJJ operates

1

throughout the state; however, the SCDJJ office at issue in Decker's Complaint is located in Charleston County, and the large majority of the facts alleged in this complaint occurred in Charleston County.

3. Defendants Nicole Ashe and Rhonda Green are individuals who, at all times pertinent to this complaint, resided in the state of South Carolina.

## JURY TRIAL DEMAND

4. Dwight Decker hereby demands a trial by jury on all issues so triable.

## ADMINISTRATIVE REMEDIES EXHAUSTED

5. Decker filed a charge with the South Carolina Human Affairs commission on December 2, 2013, which was within the allotted time to seek an adiminsitrative remedy under Title VII.

6. This charge was subsequently referred to the United States Department of Justice who issued a Right to Sue letter dated August 13, 2014 that was received by Decker on August 18, 2014.

7. Decker now timely files this complaint within 90 days of his receipt of the Right to Sue letter.

## FACTS

8. Dwight Decker worked for SCDJJ from on or about April 2, 2013 until on or about September 6, 2013.

9. Decker was hired by his supervisor, Nicole Ashe, in April 2013 to help implement reforms in SCDJJ. Part of his duties included supervising certain SCDJJ probation officers who habitually neglected their jobs, misused company property, and violated SCDJJ procedures.

10. For the next five and one-half months, Decker went about contientiously implementing policies to reform Charleston County's SCDJJ office. For instance, he initiated several programs

to record work-hour activities and increase accountability. This quickly drew the ire from his subordinates.

11. Decker identified several employees who failed to perform their job duties and routinely abused SCDJJ property and squantered state funds.

12. When Decker approached Nicole Ashe about disciplining or terminating these malfeasors, he was told that she was unable to take any action because the individuals were African American and would "play the race card." For other individuals she did nothing.

13. Decker continued to report their conduct, which included taking 2-3 hour lunch breaks, abusing of state funds (including Medicaid funds), abusing job functions, and neglecting of job duties, among others. Despite his complaints, nothing was done.

14. Decker was continually railroaded from taking actions against his subordinates because of his race (white) and the race of the probation officers he supervised (black).

15. One particularly egregious offender, Claudette Hart, was friends with the Regional Director, Rhonda Green.

16. A few weeks later, on September 6, 2013, Decker was terminated.

17. SCDJJ indicated that its decision was based upon Decker using earned sickleave to go to a VA Doctor's appointment, as well as using personal sick days and annual leave, all of which was approved and signed off by his direct supervisor, Nicole Ashe.

18. Decker was terminated by Rhonda Green and Nicole Ashe, both of whom are African American.

19. Upon information and belief, Hart approached Rhonda Green and sought to have Decker fired because she did not want to be held accountable for her actions and because she was not willing to take direction from a white superior.

20. Upon information and belief, had Decker been an African American employee, he would have been treated substantially different as demonstrated by how SCDJJ ignored Decker's well-documented observations of subordinate misconduct and failed to take or approve any disciplinary action against those individuals (who were all African American) whatsoever.

21. Upon information and belief, SCDJJ hired an African American female as his replacement.

22. Decker subsequently learned that SCDJJ, Nicole Ashe, and Rhonda Green had made false communications regarding Decker's workplace behavior, conduct, and integrity to Decker's co-workers and potential employers.  Decker intends to more fully explore these statements in the course of discovery.

FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANT SOUTH CAROLINA DEPARTMENT OF JUVENILE JUSTICE
RACE DISCRIMINATION / RETALIATION UNDER TITLE VII

23. Decker incorporates the foregoing paragraphs as if repeated verbatim.

24. SCDJJ is an employer subject to Title VII, 42 U.S.C. § 2000e-3(a).

25. Decker, SCDJJ's employee, was well qualified for his position and is protected from race-related discrimination by Title VII, 42 U.S.C. § 2000e-2.

26. Decker reported misconduct of African American subordinates to his supervisor and was subsequently terminated.

27. Upon information and belief, because Decker reported this misconduct, Decker was subjected to discrimination and ultimately discharged.

28. SCDJJ's alternative explanation, that Decker was discharged for violating the company's vacation policies, is mere pretext, based on the other forms of continuing retaliation that SCDJJ levied against Decker prior to his termination and other evidence.

29. As a direct and proximate result of SCDJJ's retaliatory acts set out above, Decker was discharged and has been injured as set forth in Decker's prayer for relief.

## FOR A SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## RACE DISCRIMINATION / RETALIATORY DISCHARGE UNDER
## SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866

30. Decker incorporates the foregoing paragraphs as if repeated verbatim.

31. Defendant SCDJJ is an employer subject to 42 U.S.C. § 1981.  Defendants Nicole Ashe and Rhonda Green are individual supervisors subject to 42 U.S.C. § 1981.

32. Decker, Defendants' employee, was well qualified for his position and is protected from race-related discrimination by 42 U.S.C. § 1981(b).

33. Decker reported misconduct of African American subordinates to his supervisor and was subsequently terminated.

34. Upon information and belief, because Decker reported this misconduct, he was subjected to discrimination and then ultimately discharged.

35. Defendants' alternative explanation, that Decker was discharged for violating the company's vacation policies, is mere pretext, based on the other forms of continuing retaliation that Defendants levied against Decker prior to his termination and other evidence.

36. As a direct and proximate result of Defendants' retaliatory acts set out above, Plaintiff was discharged and has been injured as set forth in Plaintiff's prayer for relief.

37. Upon information and belief, Defendants engaged in this discriminatory practice with malice or reckless indifference to Plaintiff's federally protected rights.

## FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT SOUTH CAROLINA DEPARTMENT OF JUVENILE JUSTICE
## RACE DISCRIMINATION / DISPARATE TREATMENT AND WRONGFUL
## TERMINATION

38. Decker incorporates the foregoing paragraphs as if repeated verbatim.

39. Defendant SCDJJ is an employer subject to Title VII, 42 U.S.C. § 2000e-3(a).

40. Decker, Defendant's employee, was well qualified for his position and is protected from race-related discrimination by Title VII, 42 U.S.C. § 2000e-2.

41. Decker was a white employee who worked for African American supervisors and the majority of Decker's co-workers were African American.

42. Upon information and belief, Decker was singled out and terminated by SCDJJ because he, a white male, disrupted the status quo at SCDJJ's Charleston office and attempted to hold African American subordinates accountable for their actions.

43. SCDJJ's alternative explanation, that Decker was discharged for violating the company's vacation policies, is mere pretext, based on the organization's continuing tolerance of African American employees' misconduct and other evidence.

44. Similarly situated African American employees were not discharged despite engaging in such conduct as:
    a. taking 2-3 hour lunch breaks,
    b. abusing state funds (including Medicaid funds),
    c. abusing job functions;
    d. abusing state-issued resources (such as company cars); and
    e. neglecting of job duties.

45. Upon information and belief, SCDJJ engaged in this discrimination with malice or reckless indifference to Decker's federally protected rights.

46. As a direct and proximate result of SCDJJ's discriminatory acts set out above, Decker was discharged and has been injured as set forth in Decker's prayer for relief.

6

FOR A FOURTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS
RACE DISCRIMINATION / DISPARATE TREATMENT AND WRONGFUL TERMINATION
SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866

47. Decker incorporates the foregoing paragraphs as if repeated verbatim.

48. Defendant SCDJJ is an employer subject to 42 U.S.C. § 1981. Defendants Nicole Ashe and Rhonda Green are individual supervisors subject to 42 U.S.C. § 1981.

49. Decker, Defendants' employee, was well qualified for his position and is protected from race-related discrimination by 42 U.S.C. § 1981(b).

50. Decker was a white employee who worked for African American supervisors and the majority of Decker's co-workers were African American.

51. Upon information and belief, Decker was singled out and terminated by Defendants because he, a white male, disrupted the status quo at SCDJJ's Charleston office and attempted to hold African American subordinates accountable for their actions.

52. Defendants' alternative explanation, that Decker was discharged for violating the company's vacation policies, is mere pretext, based on their failure to discipline similiarly situated African American employees when allegations similar to those made against Decker were brought to Defendants' attention.

53. Similarly situated African American employees were not discharged despite engaging in such conduct as:

   a. taking 2-3 hour lunch breaks,

   b. abusing state funds (including Medicaid funds),

   c. abusing job functions;

   d. abusing state-issued resources (such as company cars); and

   e.  neglecting of job duties.

54. Upon information and belief, Defendants engaged in this discrimination with malice or reckless indifference to Decker's federally protected rights.

55. As a direct and proximate result of Defendants' discriminatory acts set out above, Decker was discharged and has been injured as set forth in Decker's prayer for relief.

FOR A FIFTH CAUSE OF ACTION
AGAINST DEFENDANT SCDJJ
VIOLATION OF THE SOUTH CAROLINA WHISTLEBLOWER ACT

56. Decker incorporates all of the foregoing as if set forth herein and further alleges as follows:

57. The plaintiff reported serious abuse of public funds and wrongdoing outlined in this Complaint to the proper authorities within SCDJJ.

58. These acts by SCDJJ personnel were internal violations of the law, state and federal regulations, public policy, and standards of conduct; and, Mr. Decker's reporting of these acts constitutes a protected activity under the South Carolina Whistleblower Act (S.C. Code § 8-27-10 *et. seq.*).

59. As a direct and proximate result of reports made by the plaintiff, he was terminated on September 6, 2013.

60. SCDJJ has violated the Whistleblower Act and Decker is entitled to receive actual damages as provided therein in the amount of $15,000, $2,000 for public moneies saved as provided by S.C. Code § 8-27-20(B), and attorneys' fees not to exceed $10,000. Decker is further entitled to reinstatement of his position, as well as back pay, front pay, and benefits.

FOR A SIXTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS
DEFAMATION

61. Decker incorporates the foregoing paragraphs as if repeated verbatim.

62. Defendants made false and harmful statements when describing Decker's work conduct and termination to Decker's co-workers, including statements impugning Decker's personal and professional character.

63. Defendants further made false and harmful statements to Decker's potential employers, thereby preventing him from securing subsequent employment in similar fields.

64. Upon information and belief, Defendants impermissibly published these false, unprivileged statements to Decker's peers and coworkers at SCDJJ and in the community at large.

65. Upon information and belief, Defendants' statements were unreasonable, unwarranted, and made in bad faith with malice, either actual or implied.

66. Upon information and belief, as a direct and proximate result of Defendants' tortious acts, Decker suffered harm to his private and professional reputations as well as to her future earning power.

67. Upon information and belief, Defendants made these statements intentionally, with reckless disregard to Decker's rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays for the following relief:

A. A trial by jury;

B. Back pay, including compensation for all lost wages, from the time of Decker's resignation to the date of judgment;

C. All future wages lost as a result of Defendants' illicit conduct;

D. The lost value of Decker's insurance policy and compensation for medical expenses incurred due to the loss of Decker's policy;

E. Compensation for any and all other physical, emotional, and/or medical

problems Decker suffered as a result of Defendants' tortious and discriminatory actions;

F. Compensatory damages including but not limited to all other expenses and damages suffered by Decker which arose from the discrimination, abuse, and termination of Decker;

G. General damages including but not limited to damages for emotional distress, damages to Decker's reputation, and pain and suffering inflicted by Defendants' conduct;

H. Incidental damages that Decker suffered as a result of Defendants' conduct;

I. Pre-judgment and post-judgment interest;

J. Punitive damages for Defendants' malicious and/or recklessly indifferent conduct towards Decker;

K. Double or treble damages, where appropriate;

L. Reimbursement of all attorney's fees and costs to the extent allowed by law; and

M. Any and all other relief which the court deems appropriate.

Respectfully submitted this 11th day of November, 2014,

JENNY HORNE LAW FIRM, LLC

s/ Alan W. Guffy
Janet T. Butcher, Fed. Bar #1629
Jenny A. Horne, Fed. Bar #7048
Alan W. Guffy, Fed. Bar #11633
133 East 1st North Street, Ste. 5
Summerville, SC 29485
Telephone:    843-873-1721
Facsimile:    843-875-4696

**ATTORNEYS FOR PLAINTIFF**